Sam BELL, Plaintiff-Appellee,

North-West Insurance Company,
Intervenor-Appellee,

v.

JET WHEEL BLAST, DIVISION OF ER-
VIN INDUSTRIES, and North Ameri-
can Mfg., & Insurance Co., Defendants-
Appellants.

No. 82–3364

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 9, 1983.

Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, Donald O. Collins, New
Orleans, La., for defendants-appellants.

Bendana & Carlton, Orlando G. Bendana,
Wayne H. Carlton, Jr., New Orleans, La.,
for plaintiff-appellee.

Harriet R. Campbell Young, New Or-
leans, La., for North-West.

Before RUBIN, JOHNSON and WIL-
LIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Sam Bell, appellee, brought this diversity
jurisdiction suit under 28 U.S.C. § 1332 to
recover for injuries occasioned while em-
ployed at Vulcan Foundry. He was injured
while working on a large shot blast machine
used to clean large metal castings. The
machine was manufactured and installed by
appellant Jet Wheel Blast, Division of Ervin
Industries, Inc. As found by the jury,
Bell's injury occurred when his hand got
caught in the chain and sprocket drive of
the conveyor system of the machine because
of a lack of an adequate guard at the
particular place on the drive that the injury
occurred.

The case was submitted to the jury on
separate theories of product liability and
negligence, both alleged to be on the part of
the appellant manufacturer-installer, Jet
Wheel Blast. The jury responded to inter-
rogatories by finding that the product, the
shot blast machine, sold by appellant was
defective, the defect was a proximate cause
of the injury to Bell, and Bell did not as-
sume the risk of the injury. Under the
negligence theory, the jury answered inter-
rogatories finding that the appellant seller
of the product was negligent, that the neg-
ligence was a proximate cause of the injury
to Bell, but that Bell was guilty of contribu-
tory negligence. Based upon the answers
to these interrogatories, and a finding by

the jury of $150,000 damages, the district court awarded judgment for plaintiff-appellee Bell on the strict liability claim. Jet Wheel Blast appeals.

The contention on appeal is that the jury exonerated appellant from liability by finding Bell guilty of "contributory negligence," which under Louisiana law constitutes "victim-fault" and defeats a strict liability claim based upon product liability as well as a claim based upon negligence. We find that the law of Louisiana gives a clear negative answer to this contention. We uphold the jury verdict and affirm the judgment of the district court.

 It is well established in Louisiana law that contributory negligence is not a defense to strict liability. *Langlois v. Allied Chemical, Inc.,* 258 La. 1067, 249 So.2d 133, 140 (1971). Appellant relies upon the citation of several intermediate appeals decisions in Louisiana courts which if taken out of context seem to equate assumption of risk with contributory negligence. The distinction, however, is clearly analyzed and explained by our brother Tate, a distinguished Louisiana jurist, who discusses the issue thoroughly in *Rodrigue v. Dixilyn Corp.,* 620 F.2d 537 (5th Cir.1980). That case points out that assumption of risk involves "first, knowledge and appreciation of a danger, and second, a voluntary encountering of it." In contrast, "The essence of contributory negligence is simply carelessness." *Id.* at 539, *quoting* Crowe, The Anatomy of a Tort, 22 Loyola L.Rev. 903, 915 (1976).

Judge Tate then deals with those intermediate appellate court decisions upon which the appellants rely:

> The defendants refer us to language in several intermediate court decisions, some of which seem to have recognized contributory negligence as a defense in Article 2317, 2318 or 2321, strict liability cases, and some of which recognize only assumption of risk. For the most part, the former decisions are distinguishable or not squarely in point, but to the extent that they imply that ordinary carelessness or inadvertence of a plaintiff may

exonerate a strict liability defendant, they seem to be inconsistent with the law clearly pronounced by the State Supreme Court in *Langlois* (supra) and *Loescher* (*Loescher v. Parr,* 324 So.2d 441 (La. 1975)). (Footnote omitted.) 620 F.2d at 543.

These established Louisiana authorities, none of which is even mentioned by appellant, show without question that there is no inconsistency in a jury verdict which finds a defendant guilty of contributory negligence ("ordinary carelessness or inadvertence") but yet not having assumed a risk ("having knowledge and appreciation of a danger ... and ... a *voluntary* encountering of it", emphasis added). Thus, under Louisiana law, the mere carelessness or inadvertence which defeats a negligence claim does not defeat a strict liability claim, since defeat of the strict liability claim can occur only upon the much stronger showing of the *voluntary* assumption of the *known* risk created by the defect. *See also* our decision in *LeBouef v. Goodyear Tire & Rubber Co.,* 623 F.2d 985, 991 (5th Cir.1980).

AFFIRMED.