Sam BELL, Plaintiff-Appellee,

North-West Insurance Company, Intervenor-Appellee,

v.

JET WHEEL BLAST, DIVISION OF ERVIN INDUSTRIES, and North American Mfg. and Insurance Company, Defendants-Appellants.

No. 82–3364.

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1983.

Jones, Walker, Waechter, Politevent, Carpere & Denegre, Donald O. Collins, New Orleans, La., for defendants-appellants.

Bendana & Carlton, Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, La., for plaintiff-appellee.

Harriet R. Campbell Young, New Orleans, La., for intervenor-appellee.

ON SUGGESTION FOR REHEARING
EN BANC

Opinion May 9, 1983, 5th Cir.1983,
709 F.2d 6.

Before RUBIN, JOHNSON and WIL-
LIAMS, Circuit Judges.

PER CURIAM:

We treat the suggestion of en banc
rehearing by appellant, Jet Wheel Blast,
Division of Ervin Industries, Inc., as a peti-
tion for panel rehearing. Fed.R.App.P.
Rule 40. The petition for rehearing is
GRANTED.

The appeal in this diversity case presents
an important issue of Louisiana state law
which is particularly appropriate for consid-
eration by the Louisiana Supreme Court.
It requires resolution of the question
whether under Louisiana law contributory
negligence constitutes a defense in a strict
liability case involving a defective product.

Sam Bell, the appellee, brought suit to
recover injuries occasioned while employed
at Vulcan Foundry. He was injured while
working on a large shot blast machine used
to clean large metal casings. This machine
was manufactured and installed by appel-
lant Jet Wheel Blast. Bell's injury oc-
curred when his hand got caught in the
chain and sprocket drive of the conveyor
system of the machine.

The case was submitted to the jury on
separate theories of strict liability and neg-
ligence on the part of appellant manufac-
turer-installer, Jet Wheel Blast. In re-
sponse to interrogatories, the jury found
that the product, the shot blast machine,
was defective, that the defect was a proxi-
mate cause of the injury, and that Bell did
not assume the risk of the injury. Under
the negligence theory the jury found that
Jet Wheel Blast was negligent, that the
negligence was a proximate cause of the
injury, but that Bell was guilty of contribu-
tory negligence.

Jet Wheel Blast contended that the find-
ing of contributory negligence exonerated
it from liability because the finding consti-
tuted "victim-fault" under Louisiana law.
The district court, however, awarded the
full $150,000 damages to Bell on the strict
liability claim. This panel in its original
decision on appeal affirmed the judgment
of the district court. 709 F.2d 6 (5th Cir.
1983).

Three months before our decision in this
case, we held in *Hyde v. Chevron USA, Inc.,*
697 F.2d 614 (5th Cir.1983), in a strict liabil-
ity case *not involving product liability* that
victim-fault under Louisiana encompassed
contributory negligence as a defense to the
strict liability occasioned by the "ruin" of
the drilling platform involved in that case.
Louisiana Civil Code, art. 2322. The panel
said in that case: " 'Victim-fault' encom-
passes contributory negligence and may be
a defense to an action brought under article
2322 of the Louisiana Civil Code, if it is a
substantial cause of the injury."

In a case decided after the instant case,
*CNG Producing Co. v. Columbia Gulf
Transmission Corp.,* 709 F.2d 959 (5th Cir.
1983), we again held that contributory neg-
ligence under Louisiana law can be ad-
vanced in strict liability actions, but specifi-
cally recognized the holding in the instant
case that it could not serve under Louisiana
law as a defense in a strict liability action
involving a defective product.

This summary of the recent cases in this
Court serves as the foundation for the ques-
tion which we certify to the Louisiana Su-
preme Court. In making this certification
we emphasize that all decisions of this Cir-
cuit have recognized that "assumption of
risk" may be submitted as a defense in all
strict liability cases, including those involv-
ing a defective product.

CERTIFICATE FROM THE UNITED
STATES COURT OF APPEALS FOR
THE FIFTH CIRCUIT TO THE SU-
PREME COURT OF LOUISIANA
PURSUANT TO RULE XII, LOUISI-
ANA SUPREME COURT RULES

TO THE SUPREME COURT OF LOUI-
SIANA AND THE HONORABLE JUS-
TICES THEREOF:

I. STYLE OF THE CASE

The style of the case in which this certifi-
cate is made is *Sam Bell, Plaintiff-Appellee,*

*North-West Insurance Company, Intervenor-Appellee, versus Jet Wheel Blast, Division of Ervin Industries and North American Mfg. and Insurance Company, Defendants-Appellants.* Case No. 82–3364, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.

## II. QUESTION CERTIFIED TO THE SUPREME COURT OF LOUISIANA

The following question of law is hereby certified to the Supreme Court of Louisiana for instructions based upon the facts recited herein:

Does the Louisiana Civil Code permit the defense known as contributory negligence to be advanced to defeat or mitigate a claim of strict liability based upon a defective product, the theory of liability commonly known as "product liability"?

This Court also certifies to the Louisiana Supreme Court that its answer to this question will be determinative in this case, resolving all issues in contention between the parties on this pending appeal.

The record in this case, together with copies of the parties' briefs, are transmitted herewith.

QUESTION CERTIFIED.