717 F.2d 181
 Sam BELL, Plaintiff-Appellee,
North-West Insurance Company, Intervenor-Appellee,
v.
JET WHEEL BLAST, DIVISION OF ERVIN INDUSTRIES, and North
American Mfg. and Insurance Company, Defendants-Appellants.
 No. 82-3364.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 14, 1983.
 
 Jones, Walker, Waechter, Politevent, Carpere & Denegre, Donald O. Collins, New Orleans, La., for defendants-appellants.
 Bendana & Carlton, Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, La., for plaintiff-appellee.
 Harriet R. Campbell Young, New Orleans, La., for intervenor-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana, Robert F. Collins, Judge.ON SUGGESTION FOR REHEARING EN BANC
 Opinion May 9, 1983, 5th Cir.1983, 709 F.2d 6.
 Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 We treat the suggestion of en banc rehearing by appellant, Jet Wheel Blast, Division of Ervin Industries, Inc., as a petition for panel rehearing. Fed.R.App.P. Rule 40. The petition for rehearing is GRANTED.
 
 
 2
 The appeal in this diversity case presents an important issue of Louisiana state law which is particularly appropriate for consideration by the Louisiana Supreme Court. It requires resolution of the question whether under Louisiana law contributory negligence constitutes a defense in a strict liability case involving a defective product.
 
 
 3
 Sam Bell, the appellee, brought suit to recover injuries occasioned while employed at Vulcan Foundry. He was injured while working on a large shot blast machine used to clean large metal casings. This machine was manufactured and installed by appellant Jet Wheel Blast. Bell's injury occurred when his hand got caught in the chain and sprocket drive of the conveyor system of the machine.
 
 
 4
 The case was submitted to the jury on separate theories of strict liability and negligence on the part of appellant manufacturer-installer, Jet Wheel Blast. In response to interrogatories, the jury found that the product, the shot blast machine, was defective, that the defect was a proximate cause of the injury, and that Bell did not assume the risk of the injury. Under the negligence theory the jury found that Jet Wheel Blast was negligent, that the negligence was a proximate cause of the injury, but that Bell was guilty of contributory negligence.
 
 
 5
 Jet Wheel Blast contended that the finding of contributory negligence exonerated it from liability because the finding constituted "victim-fault" under Louisiana law. The district court, however, awarded the full $150,000 damages to Bell on the strict liability claim. This panel in its original decision on appeal affirmed the judgment of the district court. 709 F.2d 6 (5th Cir.1983).
 
 
 6
 Three months before our decision in this case, we held in Hyde v. Chevron USA, Inc., 697 F.2d 614 (5th Cir.1983), in a strict liability case not involving product liability that victim-fault under Louisiana encompassed contributory negligence as a defense to the strict liability occasioned by the "ruin" of the drilling platform involved in that case. Louisiana Civil Code, art. 2322. The panel said in that case: " 'Victim-fault' encompasses contributory negligence and may be a defense to an action brought under article 2322 of the Louisiana Civil Code, if it is a substantial cause of the injury."
 
 
 7
 In a case decided after the instant case, CNG Producing Co. v. Columbia Gulf Transmission Corp., 709 F.2d 959 (5th Cir.1983), we again held that contributory negligence under Louisiana law can be advanced in strict liability actions, but specifically recognized the holding in the instant case that it could not serve under Louisiana law as a defense in a strict liability action involving a defective product.
 
 
 8
 This summary of the recent cases in this Court serves as the foundation for the question which we certify to the Louisiana Supreme Court. In making this certification we emphasize that all decisions of this Circuit have recognized that "assumption of risk" may be submitted as a defense in all strict liability cases, including those involving a defective product.
 
 
 9
 CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE
 
 
 10
 FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA
 
 PURSUANT TO RULE XII, LOUISIANA SUPREME
 COURT RULES
 
 11
 TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:
 
 I. STYLE OF THE CASE
 
 12
 The style of the case in which this certificate is made is Sam Bell, Plaintiff-Appellee, North-West Insurance Company, Intervenor-Appellee, versus Jet Wheel Blast, Division of Ervin Industries and North American Mfg. and Insurance Company, Defendants-Appellants. Case No. 82-3364, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.
 
 
 13
 II. QUESTION CERTIFIED TO THE SUPREME COURT OF LOUISIANA
 
 
 14
 The following question of law is hereby certified to the Supreme Court of Louisiana for instructions based upon the facts recited herein:
 
 
 15
 Does the Louisiana Civil Code permit the defense known as contributory negligence to be advanced to defeat or mitigate a claim of strict liability based upon a defective product, the theory of liability commonly known as "product liability"?
 
 
 16
 This Court also certifies to the Louisiana Supreme Court that its answer to this question will be determinative in this case, resolving all issues in contention between the parties on this pending appeal.
 
 
 17
 The record in this case, together with copies of the parties' briefs, are transmitted herewith.
 
 
 18
 QUESTION CERTIFIED.