Sam BELL, Plaintiff-Appellee,

North-West Insurance Company, Intervenor-Appellee,

v.

JET WHEEL BLAST, DIVISION OF ERVIN INDUSTRIES, and North American Manufacturing and Insurance Company, Defendants-Appellants.

No. 82–3364.

United States Court of Appeals, Fifth Circuit.

March 25, 1985.

---

Jones, Walker, Waechter, Poitevent, Carrère & Denègre, Donald O. Collins, New Orleans, La., for defendants-appellants.

Bendana & Carlton, Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, La., for plaintiff-appellee.

Harriet R. Campbell Young, New Orleans, La., for North-West.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

This diversity jurisdiction suit, 28 U.S.C. § 1332, was brought by Sam Bell, appellee, to recover for injuries occasioned while employed at Vulcan Foundry. His injuries resulted when his hand got caught in the chain and sprocket drive of a large shot blast machine used to clean metal casings. The machine was manufactured and installed by appellant, Jet Wheel Blast, Division of Ervin Industries, Inc.

The case was submitted to the jury on separate theories of strict product liability and negligence, both alleged to be on the part of appellant, Jet Wheel Blast. The response of the jury to the interrogatories found under the product liability theory that the shot blast machine as sold by the appellant was defective, the defect was a proximate cause of the injury to Bell, and Bell did not assume the risk of the injury. Under the negligence theory, the jury answered interrogatories finding appellant seller of the product was negligent, that the negligence was a proximate cause of the injury, but that Bell was guilty of contributory negligence which also was a proximate cause of the injury. Based upon the answers to these interrogatories, and a finding of the jury of $150,000 damages, the district court awarded judgment for appellee Bell in the full amount on the strict liability claim without mitigation based upon Bell's negligence. Jet Wheel Blast appealed. In our original decision, 709 F.2d 6 (5th Cir.1983), we affirmed the district court holding that contributory negligence is not a defense to strict liability claims under Louisiana law.

This Court treated a suggestion for rehearing en banc as a petition for panel rehearing, Fed.R.App.P. Rule 40, and granted the petition. 717 F.2d 181. Because the critical question raised by this case was the subject of differing decisions, although perhaps distinguishable, both in Louisiana and in this Court, we certified the following question to the Louisiana Supreme Court:

Does the Louisiana Civil Code permit the defense known as contributory negli-

gence to be advanced to defeat or mitigate a claim of strict liability based upon a defective product, the theory of liability commonly known as "product liability"?

The Louisiana Supreme Court accepted this certification, 448 So.2d 109 (1984).

On January 14, 1985, the Supreme Court of Louisiana rendered its decision responding to our certified question. 462 So.2d 166 (La.1985) (rehearing denied, February 21, 1985). In a lucid and thorough opinion by Justice Dennis, the Supreme Court of Louisiana held that the doctrine of contributory negligence is never applicable in a strict products liability case to defeat the claim in full. The Court went on to hold that the principle of comparative fault may be applied in some products cases and not in others. The Court specifically ruled with respect to the case before us:

> Comparative fault may not be applied to reduce a claim for damages in a case such as the present one giving rise to the certified question. The plaintiff was injured while performing a repetitive operation with a defective industrial machine as required by his employer. His hand got caught in the chain and sprocket drive of the conveyor system of the machine because of the lack of an adequate guard at the particular place on the drive that the injury occurred. His ordinary contributory negligence in combination with the machine's defect caused the accident and injury. Under these circumstances, the application of comparative fault would not serve to provide any greater incentive to an employee to guard against momentary neglect or inattention so as to prevent his hand from being mangled by machinery. Reduction of the plaintiff's award in this type of case would only tend to defeat the basic goals of strict products liability doctrine by reducing economic incentive for product quality control and by forcing the injured individual to underwrite a loss himself which could be more efficiently distributed by the manufacturer through insurance and price adjustments.

The Supreme Court of Louisiana has made its authoritative declaration of the law of the State of Louisiana which controls the result in this case. Appellee Bell is entitled to the full amount of his damages of $150,000 under his successful claim of strict product liability without any mitigation based upon the jury finding that he was negligent. The decision of the district court is

AFFIRMED.