United States Court of Appeals,

Fifth Circuit.

No. 92–4139

Summary Calendar.

Timothy C. COTITA, Plaintiff–Appellant,

v.

PHARMA–PLAST, U.S.A., INC., Defendant–Appellee.

Oct. 8, 1992.

Appeal from the United States District Court for the Western District of Louisiana.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

This is a products liability action. Timothy C. Cotita ("Cotita") seeks review of a jury verdict in his favor, contesting the amount of damages awarded to him. We find no error and affirm.

*Background and Procedural History*

Cotita is a registered nurse. While providing nursing services to an AIDS patient, Cotita was stuck by a syringe manufactured by the Defendant–Appellee, Pharma–Plast, U.S.A., Inc. ("Pharma–Plast"). The syringe, although still in its sterile packaging, was missing the protective cap that normally covers the tip of the needle. This improper packaging allowed the needle to pierce its sterile plastic covering and penetrate the protective gloves that Cotita was wearing. Because of the presence of the patient's blood on his gloves at the time of the needle stick, Cotita feared that he had been exposed to the HIV virus. Subsequent tests revealed that Cotita was not HIV-positive; nevertheless, he sued Pharma–Plast seeking damages for mental anguish stemming from his fear of contracting AIDS.

Pharma–Plast admitted defective packaging and the district court granted summary judgment in Cotita's favor on the issue of the defective state of the syringe. The issue of damages was

specifically reserved for trial.

Pharma–Plast then moved for leave to amend its answer to assert for the first time the defense of Cotita's negligence. With the trial set for the following month, the district court denied this motion. Later trial in this matter was continued. Thereafter, Pharma–Plast re-submitted its motion for leave to amend, which was granted over Cotita's objection. Cotita also objected to the introduction of evidence concerning his negligence, contending that the issue of fault was closed by the court's previous entry of summary judgment on the issue of Pharma–Plast's liability as the manufacturer of the defectively packaged syringe.

The damage issue was tried before a jury which returned a verdict for $150,000 in Cotita's favor. This amount was reduced by 30 percent, a figure which the jury found reflected Cotita's negligence. Cotita maintains that the issue of his negligence should not have been considered by the jury, nor used to reduce the amount of his award.

*Issues*

There are two basic issues presented. First, did the district court err in allowing Pharma–Plast to amend its answer to assert Cotita's negligence? Second, was it error for the district court to preclude Cotita from presenting any additional evidence of Pharma–Plast's fault.

*Discussion*

*1. Amendment of the Pleadings.*

Federal Rule of Civil Procedure 15(a), states in pertinent part, "[A] party may amend the party's pleading only by leave of court ... and leave shall be freely given when justice so requires." This Court has consistently held that the "granting or denial of leave to amend lies within the sound discretion of the trial court and is subject to reversal only for an abuse of discretion." *Carter v. Procunier,* 755 F.2d 1126, 1129 (5th Cir.1985); *accord Galvan v. Bexar County, Tex.,* 785 F.2d

1298, 1304 (5th Cir.1986), *reh'g den.,* 790 F.2d 890 (5th Cir.1986) (en banc).

If, after a review of the record, we find no abuse of discretion by the district court our inquiry is ordinarily over. In the case of an amendment allowing for the application of comparative fault, however, we must undertake a somewhat more exacting examination: "Whether to apply comparative fault is a question of law, freely reviewable on appeal." *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 683 (5th Cir.1991) (citing *Robertson v. Superior PMI, Inc.,* 791 F.2d 402 (5th Cir.1986)).

The Louisiana Supreme Court addressed the interplay between comparative fault and products liability in *Bell v. Jet Wheel Blast,* 462 So.2d 166 (La.1985).[1] From *Bell* and its progeny, a two-pronged test has been distilled to ascertain whether comparative fault should be used to reduce a plaintiff's award in a products liability action: (1) Would the reduction of the award realistically provide incentive for user care? If this query is affirmatively answered, a court must then ask (2) would the application of comparative fault drastically undermine the manufacturer's incentive to make a safe product? If this latter question is answered affirmatively, "Louisiana law prohibits the application of comparative fault." *Nicholas v. Homelite Corp.,* 780 F.2d 1150, 1153 (5th Cir.1986); *see Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 683–84 (5th Cir.1991); *Davis v. Commercial Union Ins. Co.,* 892 F.2d 378, 382–83 (5th Cir.1990); *Robertson v. Superior PMI, Inc.,* 791 F.2d 402, 407–08 (5th Cir.1986).

In determining what effect a reduction of the award will have on the user's care, *Davis v. Commercial Union Ins. Co.* provides us the proper analytical framework:

This inquiry leads us to consider the type of activity being performed and the cause of the

---

[1]Our review, as an appellate court reviewing a claim grounded in diversity, must be guided by applicable Louisiana law. *Bell* was in response to a certified question from this Court. *See Bell v. Jet Wheel Blast,* 717 F.2d 181 (5th Cir.1983).

injury.  In *Bell* and *Robertson,* where the courts declined to apply comparative negligence, the plaintiff was engaged in monotonous and routine assembly line work.  The courts determined that the imposition of comparative negligence would not deter acts that were the result of momentary neglect or inattention.

892 F.2d at 383.  The *Davis* Court concluded that the plaintiff's injuries did not result from mere inattention or momentary neglect while he was engaged in repetitive tasks, but were "directly related to his failure to follow established procedures, [and] reduction of his award for his own fault should encourage user care."  *Id.*

In the present case, Pharma–Plast presented evidence that the procedures used by Cotita were in violation of the universal precautions and procedures which are standard in the health care field.  *See* R. 4, at 73–76.  Like the trial court in *Davis,* the district court here was entitled to determine that the application of comparative fault will ultimately encourage workers in the health care field to follow the established procedures for handling syringes.  This is perhaps even more applicable in the present context, considering the activity in which Cotita was engaged.

The second prong of the *Bell* analysis requires the court to evaluate what impact the application of comparative fault will have on the manufacturer's incentive to make a safe product. The appellant contends that such a reduction will "only tend to *defeat* the basic goals of strict products liability by reducing the incentive for product quality control."  Brief for Appellant at 20. The mandate of the Louisiana Supreme Court, as found in its *Bell v. Jet Wheel Blast* decision, reflects the opposite view:

> [C]omparative fault principles would seem to coincide with and further the goals of products liability doctrine in some cases.  Where the threat of a reduction in recovery will provide consumers with an incentive to use a product carefully, without exacting an inordinate sacrifice of other interests, comparative principles should be applied for the sake of accident prevention.

462 So.2d 166, 171 (La.1985).

Indeed, the argument that a reduction in the manufacturer's liability will reduce its incentive

to produce safer products could be made any time comparative fault principles are applied. This would negate "*Bell*'s instruction to us that comparative fault does have a place in products liability law...." *Nicholas v. Homelite Corp.,* 780 F.2d 1150, 1154–55 (5th Cir.1986). The *Nicholas* Court observed further that comparative fault will not ultimately alter the manufacturer's duty to make safe products "because it does not alter the manufacturer's liability." *Id.* at 1153. Likewise, no reasonably prudent manufacturer will "rely on future careless use of its products to offset its full liability with any predictability that would alter the manufacturer's duty to produce the safest product possible." *Id.*

In sum, the district court was within its discretion in allowing the amendment of the pleadings to enable the defendant to allege the plaintiff's comparative fault. While the application of comparative fault principles is generally subject to de novo appellate review, *Bell* indicates that trial judges are to be granted broad discretion in applying these principles. *See Bell v. Jet Wheel Blast,* 462 So.2d 166, 172–73 (La.1985). This persuaded this court to recently conclude, "The question thus remains one of law, but it is one inextricably tied to specific factual findings which implicates the customary deference on review." *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 684 (5th Cir.1991). Because we find no error in the district court's application of comparative fault, we defer to its judgment and affirm its holding on this point.

*2. Evidentiary Ruling.*

The appellant contends that the district court also erred in refusing to let him present additional evidence regarding the fault of Pharma–Plast. Evidentiary matters are within the sound discretion of the trial judge, and will be reversed only upon a showing of a clear abuse of that discretion. *See Olitsky v. Spencer Gifts, Inc.,* 964 F.2d 1471, 1474 (5th Cir.1992); *Nicholas v. Homelite Corp.,* 780 F.2d 1150, 1155 (5th Cir.1986).

Again, we are faced with a "twist" on what would normally be a routine matter. Cotita contends that the district court should have allowed additional evidence of Pharma–Plast's fault

because Pharma–Plast was permitted to amend its answer to allege the comparative fault of Cotita. This amendment was allowed *after* granting summary judgment on Pharma–Plast's liability. Cotita maintains that this is error, in that "the trier of fact was not properly allowed to compare the fault of the respective parties...."

We do not agree with Cotita's characterization of this decision. In its summary judgment order, the trial court decided the issue of liability. The question whether the defectively manufactured syringe caused any damage to Cotita was specifically reserved for trial. Cotita's argument that the trier of fact was not allowed to consider the true respect ive fault of the parties misconstrues the connection between products liability and comparative fault. The damage phase of the proceeding was separate and apart from the previously decided liability phase. As the Court in *Nicholas v. Homelite Corp.* stated, "Comparative fault provides an episodic post-manufacturer reduction in the final economic assessment against the manufacturer based on the user's actions, *without regard to the prior actions and responsibilities of the manufacturer."* 780 F.2d 1150, 1153 (5th Cir.1986) (emphasis added). The actions of Cotita in his use of the defective syringe were properly considered in evaluating the damages awarded. Finding no error in the district court's handling of this issue, we affirm its decision to not allow the introduction of further evidence on the fault of Pharma–Plast.

AFFIRMED.