**Albert H. CARTER, Petitioner-Appellant,**

v.

**Raymond K. PROCUNIER, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 83–2676
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 22, 1985.

Albert H. Carter, pro se.

Jim Mattox, Atty. Gen., James O. Kopp, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this habeas corpus petition, Carter seeks to challenge directly his 1969 conviction for embezzlement and to challenge indirectly certain prior convictions which were introduced in his 1969 criminal trial over timely objection, for impeachment purposes. The district court held that Carter, who is now free, was "in custody" for purposes of filing his habeas corpus petition, but further held that his claims were moot. We hold that the district court erro-

neously granted summary judgment for the state. We therefore reverse and remand for further consideration by the district court.

## I.

Carter was convicted in 1969 in the District Court of Harris County, Texas, for felony embezzlement. During his 1969 trial, Carter testified in his own behalf, and over timely objection, the state introduced, for impeachment purposes, evidence of Carter's 1962 federal perjury conviction. He directly appealed this conviction, and it was affirmed by the Court of Criminal Appeals of Texas in 1971.

Following the 1969 conviction, Carter, while imprisoned, was convicted in 1972, in a Texas state court on another felony embezzlement charge. He directly appealed his 1972 conviction to the Texas Court of Criminal Appeals. The Appeals Court reversed his conviction, finding that there was insufficient evidence to establish ownership and control of the money the indictment had charged him with embezzling. The case was remanded to the trial court where Carter was retried and convicted in 1974 on the identical embezzlement charge, notwithstanding his pleas of double jeopardy. The 1969 and 1962 convictions were proved for enhancement, and Carter received the then-mandatory life sentence.

Carter did not directly appeal his 1974 conviction, but rather filed a federal habeas corpus petition attacking the conviction in federal court. He later requested leave to amend the petition to include attacks upon the 1969 conviction (and indirectly the 1962 conviction). Carter's request to amend his petition was filed on March 24, 1975. He did not move to expedite the ruling, or otherwise inform the court that completion of service of his sentence for the 1969 conviction was imminent: Carter was to complete service of his seven-year sentence for the 1969 conviction on May 17, 1975, but then was to begin immediately serving his life sentence.

On March 31, 1975, then Texas Department of Corrections Director Estelle filed a motion for extension of time to file an answer, assigning as a reason that he had recently received Carter's amended petition substituting him as respondent. The motion did not request the district court to delay its ruling on Carter's motion to file an amended petition, and the record indicates no reason for the district court's delay. The district court granted Carter's motion to file the amended petition on May 30, thirteen days after he had completed his 1969 sentence and had begun serving his 1974 life sentence.

The habeas petition thus included attacks on the 1969 conviction as well as the 1974 conviction. Carter, however, later filed a motion to sever the 1974 conviction from the habeas petition to avoid the dismissal of both claims because he had not exhausted his state remedies on his 1974 conviction.[1] The court granted the motion and the attack of the 1969 conviction was stayed, pending state resolution of the 1974 claim. This court eventually considered the 1974 conviction and reversed it on double-jeopardy grounds. *See Carter v. Estelle,* 677 F.2d 427 (5th Cir.1982). He was then released from physical custody and still remains free.

After his release, the stay was lifted and Carter reactivated his attack on his 1969 conviction. In October 1983, the district court entered the order on the 1969 habeas petition that is now being appealed. The court held that Carter satisfied the "in custody" requirement of 28 U.S.C. §§ 2241(d), 2254(a), (b) since the habeas petition was considered filed on the date he requested leave to amend his petition, rather than on the date it was actually filed. The district court nevertheless dismissed the action, finding that the case was moot because the 1969 conviction did not result in any collateral consequences not already resulting from his 1962 federal perjury conviction and three state misdemeanor convic-

---

1. The procedural history of this case is long and complicated, and is only briefly summarized here. For a more detailed discussion, see *Carter v. Estelle,* 677 F.2d 427 (5th Cir.1982).

tions, and thus no effective relief could be granted the petitioner even if he were successful in challenging the 1969 conviction.

## II.

In reviewing the correctness of the district court's dismissal of Carter's habeas petition, we must make two separate inquiries. We must determine first whether Carter was "in custody" for purposes of 28 U.S.C. §§ 2241(d), 2254(a), (b) and, second, whether this action has been rendered moot.

 It is well settled that a habeas corpus petitioner meets the statutory "in custody" requirements when, at the time he files the petition: (1) he is in custody pursuant to the conviction he attacks or (2) he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks. 28 U.S.C. §§ 2241(d); 2254(a), (b), *Sinclair v. Blackburn*, 599 F.2d 673 (5th Cir.1979), *cert. denied*, 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 656 (1980). It is also clear that the court's jurisdiction continues over a habeas petition filed at the time he is incarcerated pursuant to the conviction he attacks, even if the petitioner is released from actual physical custody before the application is finally adjudicated. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The court's jurisdiction does not continue, and a petitioner does not meet the statutory "in custody" requirement, however, when he (1) files the petition while in custody pursuant to a conviction that is positively and demonstrably related to the conviction he attacks, and (2) later is discharged from custody on that *related* offense before the petition is finally adjudicated. *Escobedo v. Estelle*, 655 F.2d 613 (5th Cir.1981).

We iterate the relevant facts here: on March 24, 1975 Carter requested leave to amend his habeas petition to include an attack of the 1969 conviction; on May 17 Carter completed service of his sentence for the 1969 conviction, but remained in custody since he immediately began serving his life sentence, related to the 1969

conviction because it was used to impose the 1974 enhanced life sentence; on May 30 the motion was granted by the district court. Therefore, only if Carter's habeas corpus petition is considered filed on May 17 can he meet the "in custody" requirement of section 2254, since the rule of *Escobedo* precludes our jurisdiction if the petition is considered filed on May 30, the date the amendment was actually allowed; we would be without jurisdiction because, even though Carter would have been in custody pursuant to a related conviction at the time of the filing of his petition, he is not currently in custody pursuant to that offense.

The magistrate considering this matter recommended that Carter's motion to amend his habeas petition should relate back to the time leave was requested. The magistrate reasoned that the delay in the ruling was caused by the government's request for an extension of time, and that the government's request should not work to Carter's detriment. This recommendation was approved by the district court without specific discussion.

 Whether an amendment to habeas corpus petitions relates back to the date leave is requested is not specifically addressed by the rules governing section 2254 cases; thus, obedient to Rule 11 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll § 2254 (1977), we turn to Federal Rules of Civil Procedure. *See McDonnell v. Estelle*, 666 F.2d 246 (5th Cir.1982). Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings, and provides that a party may amend his pleading after a responsive pleading has been served only by leave of court. The rule further provides that "leave shall be freely given when justice so requires." The granting or denial of leave to amend lies within the discretion of the trial court and is subject to reversal only for an abuse of discretion. *Moore v. Balkcom*, 716 F.2d 1511 (11th Cir.1983). We cannot find here that the district court abused its discretion in this matter. We are especially persuaded by the facts that Carter is a *pro se* petitioner,

that the state was apprised that Carter intended to challenge his 1969 conviction in his federal habeas petition prior to the expiration of his sentence, and that the delayed ruling occurred through no fault of the petitioner. Additionally, a separate habeas petition (No. 73–H–732) in which Carter sought to attack his 1969 conviction, was pending on March 24, 1975. When he sought leave to amend the 1974 petition to include an attack of the 1969 conviction on the same grounds alleged in Petition No. 73–H–732, he voluntarily dismissed Petition No. 73–H–732. Carter apparently went through this "amendment" and "dismissal" exercise in an effort to bring all of his claims in one habeas proceeding. This is, of course, an additional equitable consideration militating in favor of relating back. We therefore affirm the district court's exercise of its discretion in this case allowing the amendment to relate back to the date of the filing of the request for leave to amend.

### III.

Having determined that Carter is "in custody" for purposes of section 2254, we turn to the question of whether his claim is *moot*. One of the more recent cases explaining the mootness doctrine and possible exceptions to it is *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). In *Sibron* the Supreme Court held that a criminal conviction is moot only if it is shown that there is no possibility that any collateral consequences will be imposed on the basis of the challenged conviction. Similarly, but in perhaps even stronger language, the Court stated that the mere possibility of such adverse consequences is enough to preclude a finding of mootness. *Id.* at 55, 88 S.Ct. at 1899.

Here, the district court found that this action was moot because, even if the 1969 conviction is proved invalid, no relief will be afforded Carter because he will still suffer under the disability of the 1962 perjury conviction, as well as the three misdemeanor convictions. *Sibron*, however, requires us to make a searching inquiry for possible adverse collateral consequences that Carter may suffer solely as a result of his 1969 conviction. This inquiry reveals that such possible adverse consequences exist. Carter's conviction may serve as a basis for his impeachment in federal court. Carter claims to be a bona fide resident of Colorado, and under Colorado law, his conviction may have an effect on a court's decisions regarding the amount of bail and whether to grant probation if Carter gets into trouble once again. CRS §§ 16–4–105, 16–4–202. Even if such disabilities are no more than "possibilities," we are required to reject the state's argument of mootness. Indeed, *Sibron*, in language directly relevant here, suggested that the fact that a petitioner suffered from disabilities of other convictions may not moot an attack on a single conviction because: "[w]e cannot foretell what opportunities might present themselves in the future for the removal of other convictions from an individual's record." *Id.* at 56, 88 S.Ct. at 1899. In point of fact, we note here that Carter seeks to indirectly attack his 1962 conviction which was used to impeach him when he testified on his own behalf in the 1969 embezzlement trial. Because a petitioner is permitted to collaterally attack an unconstitutional conviction which was used for impeachment purposes, *United States v. Lauga*, 726 F.2d 1032 (5th Cir.1984), there is a "possibility" of a reversal of both the 1962 and 1969 convictions which would expunge all felony convictions from his record; this "possibility" is, of course, another reason that his attack on the 1969 conviction is not moot.

### IV.

The State of Texas argues that regardless of whether Carter is "in custody" or the case is "moot," his petition should be dismissed for failure to exhaust state remedies. The state argues that Carter has never presented before its state courts the claims he presents before us. This argument seems to be without merit since, ac-

cording to the copies of Carter's state habeas corpus petition appended to his brief, it appears that these claims were in fact presented to the Texas courts. Regardless of the resolution of this dispute, however, we hold that Carter has exhausted his state remedies. The requirement for exhaustion is based upon the assumption that the state remedies available to the petitioner are adequate and effective to vindicate federal rights. *See Shelton v. Heard,* 696 F.2d 1127, on reconsideration 707 F.2d 200 (5th Cir.1983). Here, however, Carter cannot further challenge his 1969 conviction in Texas' courts without losing his federal rights. If we dismiss his petition and require exhaustion, his federal rights are lost since he would not be "in custody" at the time he refiled his federal petition. On the other hand, if we held Carter's federal petition in abeyance pending exhaustion, the Texas Court of Criminal Appeals, under Texas' abstention doctrine, would refuse to adjudicate the second state habeas corpus petition while his federal claim was pending. *See Carter v. Estelle,* 677 F.2d at 427. These legal snares effectively relieve Carter of any requirements to exhaust state remedies further, and therefore he has met the prerequisites to asserting his federal remedies.

## V.

We hold that for the statutory purposes of attacking his conviction Carter is "in custody." We further hold that his action is not moot since he continues to suffer collateral consequences as a result of the 1969 conviction notwithstanding the disabilities imposed by his previous convictions. Additionally, we find that Carter has exhausted his *available* state remedies since he would lose his federal remedies if this case was dismissed without prejudice and since Texas would not consider his claim if this action were held in abeyance. Accordingly, the order of the district court dismissing Carter's petition is

REVERSED and REMANDED.