Doreen **REEVES**, Plaintiff–Appellant,

v.

**MCI TELECOMMUNICATIONS CORPO-
RATION**, Defendant–Appellee.

No. 89–6079.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1990.

David T. Lopez, Houston, Tex., for plain-
tiff-appellant.

Bracewell & Patterson, Houston, Tex.,
Kerry E. Notestine, Diana Francis, Brian

Allen Schaffer, Washington, D.C., for de-
fendant-appellee.

Before GARZA, HIGGINBOTHAM,
and DUHÉ, Circuit Judges.

PER CURIAM:

Doreen Reeves, a black woman, appeals
the district court's dismissal on the plead-
ings of her 42 U.S.C. § 1981 suit filed
against her employer, MCI Telecommunica-
tions Corporation. She also appeals the
district court's denial of her motion to
amend her complaint. The district court
entered final judgment for MCI while
Reeves' motion to amend was pending, im-
plicitly denying her motion to amend. *See
Addington v. Farmer's Elevator Mutual
Ins. Co.*, 650 F.2d 663, 666 (5th Cir.), *cert.
denied*, 454 U.S. 1098, 102 S.Ct. 672, 70
L.Ed.2d 640 (1981). We AFFIRM.

In *Lavender v. V & B Trans-
mission & Auto Repair*, a panel of this
court held that after *Patterson v. McClean
Credit Union*, —— U.S. ——, 109 S.Ct.
2363, 105 L.Ed.2d 132 (1989), "[t]o state a
claim under section 1981, the plaintiffs'
claim must involve improper 'conduct at the
initial formation of the contract' or 'con-
duct which impairs the right to enforce
contract obligations through legal pro-
cess.'" 897 F.2d 805, 807 (5th Cir.1990)
(quoting *Patterson*, 109 S.Ct. at 2374).
The Court noted that under certain circum-
stances a claim for failure to promote may
be cognizable under § 1981 if "the nature
of the change in position was such that it
involved the opportunity to enter into a
new contract with the employer." *Id.* The
Court concluded that discriminatory termi-
nation claims, by their nature, were not
actionable after *Patterson* since termi-
nation occurs only after the initial forma-
tion of the contract. *Id.* During oral argu-
ment, counsel for Appellant cites *Hicks v.
Brown Group, Inc.*, which held that claims
for discriminatory discharge are still ac-
tionable under § 1981 after *Patterson*.
902 F.2d 630 (8th Cir.1990), *reh'g denied*,

1990 WL 43055, 1990 U.S.App. LEXIS 9543 (en banc).[1]

Reeves argues that she can state a claim under § 1981 after *Patterson.* We disagree. Despite her protestations to the contrary, she did not allege any impairment by MCI of her right to enforce her contract through legal process. She does not allege that MCI in any way impeded her access to the courts or any other legal process. Nor did she allege improper conduct by MCI at the formation of her contract. She did not allege a discriminatory failure to promote for she did not allege that she applied for or was denied any promotion. *See Lavender,* 897 F.2d at 808. Reeves strongly contends that her constructive discharge claim involves conduct at the formation of her contract. This argument, however, must fail after *Lavender.*

Reeves attempts to distinguish *Lavender* by pointing out that she was an employee at will under Texas law. She contends that as an employee at will her contract is continually being made. Thus, when she was constructively discharged she was denied a new contract within the meaning of *Patterson.* Although the *Lavender* court did not explicitly address this issue, the court implicitly decided against Reeves for under Mississippi law the plaintiffs in *Lavender,* like Reeves, were employees at will who could be fired for any reason or no reason at all. *Id.* 897 F.2d at 806 (citing *Kelly v. Mississippi Valley Gas Co.,* 397 So.2d 874, 874–75 (Miss.1981)).

■ By her motion to amend Reeves attempted to bring her complaint within *Patterson* and to add a Title VII claim and state law claims. Reeves' attempt to bring herself within *Patterson,* however, was a futile act given that she still asserted only postformation discrimination. Her attempt to assert a Title VII claim fails since there is no evidence in the record that she possessed a right to sue letter, a prerequisite to maintaining a Title VII suit. Likewise, in the absence of supporting federal claims her attempt to assert pendant state law claims fails. Consequently, the district court did not abuse its discretion in denying Reeves' motion to amend. *See Carter v. Procunier,* 755 F.2d 1126, 1129 (5th Cir. 1985).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

1. *But see McKnight v. General Motors Corp.,* 908 F.2d 104 (7th Cir.1990); *Courtney v. Canyon Television & Appliance Rental, Inc.,* 899 F.2d 845 (9th Cir.1990).