**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-50045**
**Summary Calendar**
_____

**OTHA LEE FIELDS,**

**Plaintiff-Appellant,**

**versus**

**PHILLIPS SCHOOL OF BUSINESS**
**AND TECHNOLOGY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-93-CA-553)**
_____

**June 21, 1995**


Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Otha Lee Fields, _pro se_ and _in forma pauperis_, contests the adverse summary judgment on his employment discrimination claims against Phillips School of Business and Technology. We **AFFIRM**.

I.

Fields was employed by Phillips as an admissions counselor from September 1991 until his termination in May 1992. In June 1992, he filed an EEOC charge, claiming that Phillips discriminated

---

[1] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

against him on the basis of his race, by failing to promote him and by terminating him; he later withdrew that charge. In January 1993, Fields filed a second EEOC charge, claiming that Phillips gave a negative reference to a prospective employer in retaliation for his filing the first charge. The EEOC issued a right to sue letter that June, and Fields filed a Title VII action against Phillips in September. The district court granted summary judgment to Phillips.

## II.

Fields' *pro se* brief, liberally construed, asserts that summary judgment was inappropriate because Phillips (1) failed to promote him and terminated him based on his race and national origin; (2) gave false references to a prospective employer in retaliation for his filing an EEOC charge; and (3) owes him back pay.[2]

---

[2] Fields' brief does not comply with the Federal Rules of Appellate Procedure or our local rules. For example, it contains no citations to the record, no table of cases, and no statement of issues. Moreover, it includes copies of documents which are not in the record. Phillips, however, responded fully to Fields' contentions and did not object to the unconventional format of his brief. Because Fields' nonconformance with the rules apparently is not in bad faith, we have not penalized him by striking his brief or dismissing his appeal as frivolous. Fields is cautioned, however, against any future failure to comply with the rules.

For the first time on appeal, Fields contends that summary judgment was inappropriate because Phillips did not respond to discovery. Fields did not move to compel discovery in the district court, and he did not assert a need for additional discovery in his opposition to summary judgment. Therefore, we decline to exercise our discretion to consider this contention. *See* **Highlands Ins. Co. v. National Union Fire Ins. Co.**, 27 F.3d 1027, 1031-32 (5th Cir. 1994) (applying, in civil case, plain error analysis of **United States v. Olano**, ___ U.S. ___, 113 S. Ct. 1770 (1993)), *cert. denied*, ___ U.S. ___, 115 S. Ct. 903 (1995).

Our review of summary judgment is *de novo*.  *E.g.*, **FDIC v. Ernst & Young**, 967 F.2d 166, 169 (5th Cir. 1992).  Such judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant has the initial burden of demonstrating the absence of a genuine issue of material fact.  **St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.**, 937 F.2d 274, 279-80 & n.6 (5th Cir. 1991).  If the movant satisfies that burden, the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a genuine issue of material fact for trial.  Fed. R. Civ. P. 56(e); **Celotex Corp. v. Catrett**, 477 U.S. 317, 324 (1986).

### A.

Field admitted that he withdrew his June 1992 EEOC charge asserting that he was not promoted and was terminated because of his race.  Because the record contains no right to sue letter for those claims, the district court correctly granted summary judgment against them.  *See, e.g.,* **Reeves v. MCI Telecommunications Corp.**, 909 F.2d 144, 145 (5th Cir. 1990) (right to sue letter is a prerequisite to maintaining a Title VII suit).[3]

---

[3]    Summary judgment was also appropriate on Fields' national origin discrimination claim.  The record contains no right to sue letter for that claim, because Fields never made such a charge to the EEOC.

B.

To establish a *prima facie* case of retaliation under Title VII, Fields was required to demonstrate "(1) that he engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link between participation in the protected activity and the adverse employment decision exists". *Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1300 (5th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1099 (1995). It is undisputed that Fields engaged in protected activity when he filed his first EEOC charge, and that Phillips' negative reference to a prospective employer was an adverse employment action. The district court held that Fields failed to establish a material fact issue as to the third element -- a causal link between Fields' filing the charge and Phillips' negative reference.

In response to a request by the Internal Revenue Service, where Fields had applied for employment, Phillips (through its representative, Chunn) completed a form on which it checked boxes indicating that Fields was "below average" in the categories of "quality of work", "judgment", "dependability", and "flexibility". It noted also on the form that Fields "was terminated from his job here due to tardiness, insubordination". The form contains no reference to Fields' EEOC charge. In Chunn's affidavit, submitted in support of Phillips' summary judgment motion, she stated that her evaluation of Fields was based upon Phillips' business records and her personal observations of Fields during his employment with

- 4 -

Phillips, and denied that the evaluation was motivated by malice, ill-will, or Fields' EEOC charge.

The district court held that Fields had offered no evidence of retaliation other than general allegations that the reference given to the IRS was "erroneous" and that there was "no reasonable explanation for the reference given". We agree with the district court that Fields' self-serving, generalized assertions of his subjective belief that Phillips gave a negative reference to the IRS in retaliation for his filing an EEOC charge are insufficient to preclude summary judgment. *See **Grizzle v. Travelers Health Network, Inc.***, 14 F.3d 261, 268 (5th Cir. 1994) (plaintiff's "self-serving generalized testimony stating her subjective belief that discrimination occurred ... is simply insufficient to support a jury verdict in plaintiff's favor").

### C.

Fields secured a determination by the Texas Employment Commission (TEC) that Phillips owed him $3,450 for unpaid commissions earned during his employment; and Phillips paid Fields that amount. Fields contends that he is entitled to additional commissions. The district court held that, because Fields did not request a hearing to contest the TEC's wage determination order, that order was final, and he was not entitled to judicial review of it. *See* Tex. Labor Code Ann. § 61.055 (Vernon Pamphlet 1995). We agree.

## III.

For the foregoing reasons, the judgment is

**AFFIRMED.**