**Norman J. CHARNOCK, III,
95–B–0544, Petitioner,**

v.

**V. HERBERT, Superintendent,
Respondent.**

No. 97–CV–194E(F).

United States District Court,
W.D. New York.

July 6, 1999.

92

Norman J. Charnock III, Collins, New York, petitioner pro se.

Frank J. Clark, Erie County District Attorney, Kimberly A. Phelan, Assistant District Attorney, of counsel, Buffalo, New York, for respondent.

## ORDER

ELFVIN, District Judge.

The Honorable Leslie G. Foschio, a Magistrate Judge in this judicial district, having considered the within Petition and

Response pursuant to this Court's referral under 28 U.S.C. § 636(b)(1)(B) and having on May 24, 1999 filed his Report and Recommendation concerning such and no objection thereto having been made, it is hereby

**ORDERED** that Judge Foschio's Report and Recommendation is confirmed in its entirety and the Petition for a writ of habeas corpus is denied and this case shall be closed.

## REPORT and RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

Petitioner, Norman J. Charnock III, initiated this action requesting relief under 28 U.S.C. § 2254 on March 20, 1997. The matter was referred to the undersigned by the Hon. John T. Elfvin, on June 3, 1997, for all proceedings necessary to reach a determination in this action.

### *BACKGROUND*

On May 24, 1984, Petitioner Norman J. Charnock III ("Petitioner") ("Charnock") was arraigned in Lackawanna City Court before City Court Justice Norman F. Walawender on charges of Grand Larceny in the Second Degree pursuant to § 155.35 of the New York Penal Law, and Possession of Stolen Property in the Third Degree pursuant to § 165.50 of the New York Penal Law. Specifically, Petitioner was charged with the theft of a vehicle from an automobile dealership on Abbott Road in Lackawanna, New York, and theft of a license plate from another vehicle located at the premises, occurring at approximately 10:55 P.M. on May 24, 1984.

On June 11, 1984, Petitioner waived a felony hearing on the above charges, and requested that the charges be brought before a Grand Jury. While exiting court following adjournment on this occasion, Petitioner was arrested and immediately arraigned on the charge of Unlawful Imprisonment in the First Degree pursuant to § 135.10 of the New York Penal Law, as the result of an incident which allegedly occurred on May 22, 1984. Specifically, Petitioner was charged by felony complaint filed on June 11, 1984, with grabbing Robyn Norris, a 16 year old female, pulling her into a vehicle and driving off, against Norris' will. Petitioner then allegedly restrained Norris in his residence on Bell Street in Lackawanna, New York from May 22, 1984 until she was able to escape on May 24, 1984.

This matter, including the pending charges of Grand Larceny in the Second Degree and Criminal Possession of Stolen Property in the Third Degree, was then adjourned until June 26, 1984. On June 26, 1984, Petitioner appeared and waived his right to a preliminary hearing as to all charges, and the charges were transferred to the grand jury for possible indictment. However, Petitioner later elected to waive indictment and proceed by Superior Court Information, pursuant to New York Criminal Procedure Law § 195.10.

On September 28, 1984, Petitioner's waiver of the indictment was approved by New York Supreme Court Justice Penny M. Wolfgang, and Petitioner, accompanied by his recently appointed attorney, Lillian Anderson,[1] pled guilty to a Superior Court Information ("the Information") charging him with Criminal Possession of a Forged Instrument, in satisfaction of all remaining charges, including the stolen property, theft and unlawful imprisonment charges. The Information charged Petitioner with

---

1. In a letter to the Petitioner from Buffalo Public Defender David C. Schopp, dated May 24, 1995 Schopp stated that, although he briefly represented the Petitioner during June of 1984, Schopp's representation was terminated as a result of injuries he sustained in an automobile accident occurring on July 4, 1984. Exhibit C to Petition for Writ of Habeas Corpus ("Petition"), filed March 20, 1997 (Docket Item No. 1). Lillian Anderson, Esq. was subsequently appointed as the Petitioner's attorney. In filing the instant petition, however, the Petitioner is *pro se*.

two counts of Criminal Possession of a Forged Instrument in the Second Degree pursuant to § 170.25 of the New York Penal Law, based on two occasions in which the Petitioner signed his father's name to bank checks belonging to his father's account, on June 8, 1984 and June 20, 1984. The larceny, stolen property, and unlawful imprisonment charges were then dismissed. Petitioner was incarcerated in the Erie County Holding Center until his bail was posted on June 27, 1984.

On March 20, 1985, Justice Wolfgang sentenced Petitioner to two to six years imprisonment following his guilty plea to the forged instrument charge, to run concurrently with a federal sentence which Petitioner was then serving. Defendant did not appeal his state conviction or sentence.

Petitioner moved, on August 11, 1995, for an order pursuant to N.Y.Crim.Proc. Law § 440.10 vacating the court's judgment, arguing that, based on information received by the Petitioner on June 1, 1995 from the Orchard Park Police Department, demonstrating that, at the time of the alleged unlawful imprisonment of Ms. Norris, he was incarcerated in Lackawanna City Jail, and therefore he had been unlawfully arrested and convicted of unlawful imprisonment.

According to Petitioner, the City of Lackawanna Police Department "used fraud and malice" in arresting him on June 11, 1984 for unlawful imprisonment, as a proper investigation would have revealed that Petitioner was incarcerated at the time of the alleged incident. Affidavit of Norman J. Charnock III in Support of Motion to Vacate, see Exhibit A to Petition ("Petitioner's Affidavit"). Additionally, Petitioner claimed (1) his plea of guilty to the charge of unlawful imprisonment was unlawfully obtained; (2) Assistant Erie County District Attorney Thomas J. Eoannou failed to disclose that the Petitioner was incarcerated on another charge at the time of the alleged offense, and thereby fraudulently obtained Petitioner's arrest

and conviction for this charge; and (3) Petitioner's assigned counsel wrongfully instructed him, immediately prior to his plea of guilty in satisfaction of all charges, that despite pleading guilty, the record would reflect that Petitioner was not guilty of unlawful imprisonment.

Petitioner also requested an evidentiary hearing, in which the testimony of the following individuals could be obtained: (1) Robyn Norris; (2) Lackawanna City Police Detectives Rozwood and Gelyon; (3) Orchard Park Town Police Officers O'Connor and Stuhr; (4) the owner of the automobile dealership, Michael Zuchowski; (5) the owner of the stolen license plate, Mark E. Williams; and (6) Lackawanna City Police Officers Joel Budimirovich and Mark Thomas.

In an order filed September 5, 1995, Justice Wolfgang denied Petitioner's motion to vacate the conviction and conduct an evidentiary hearing, determining that Petitioner sought vacatur of a judgment that was never entered. Additionally, Justice Wolfgang determined that the Petitioner's allegations were contradicted by the record before the court, and therefore an evidentiary hearing was unnecessary.

On September 11, 1995, Petitioner appealed to the Appellate Division, New York Supreme Court, Fourth Department, reiterating the grounds relied upon in his motion to vacate. Petitioner also argued that his Sixth Amendment right to effective assistance of counsel, Eighth Amendment right to be free of cruel and unusual punishment, and Fourteenth Amendment right to due process had been violated as Petitioner pled guilty to unlawful imprisonment despite the existence of evidence demonstrating that he was not guilty. Additionally, Petitioner alleged that the lower court erred in not conducting an evidentiary hearing. Affidavit of Norman J. Charnock III in Support of Motion for Leave to Appeal, see Exhibit A to Petition.

On December 13, 1995, the Appellate Division denied Petitioner's request for

permission to appeal, determining that no reviewable question of law or fact existed. Order Denying Leave to Appeal, Exhibit A to Petition.[2] Petitioner applied to the court for reconsideration of the motion on December 26, 1995, filing an addendum to accompany this application on February 5, 1996, in which Petitioner repeated his arguments on appeal, and also argued that review of the lower court's decision was warranted, as the court failed to set forth the required findings of fact and conclusions of law. The Appellate Division denied Petitioner's request for reconsideration on February 5, 1996. *See* Exhibit A to Petition.

Petitioner then applied for leave to appeal to the New York Court of Appeals in March 1996, arguing that the judgment of the trial court should be vacated, as he should not have been charged with unlawful imprisonment, and his conviction for unlawful imprisonment was based on evidence known to be false by the prosecutor and court. Petitioner's Notice of Application to the New York Court of Appeals, *see* Exhibit A to Petition. The Honorable Vito J. Titone, Associate Judge of the New York Court of Appeals, denied Petitioner's request for leave to appeal on March 25, 1996, finding that the Appellate Division's February 5, 1996 order denying Petitioner's request for reconsideration was not an appealable order pursuant to N.Y.Crim. Proc.Law § 450.90(1). *People v. Charnock,* 666 N.E.2d 1065 (N.Y.1996). Petitioner then requested reconsideration of his motion, arguing that the prosecutor had engaged in misconduct by not providing transcripts of the Petitioner's plea hearing and sentencing despite Petitioner's requests for such information. On August 14, 1996, Judge Titone denied Petitioner's request for reconsideration of his motion for leave to appeal. *People v. Charnock,* 666 N.E.2d 1065 (N.Y.1996).

On March 20, 1997, while incarcerated at Collins Correctional Facility in Collins, New York, Petitioner filed the instant petition. Petitioner alleges four grounds for relief, including (1) he was convicted of unlawful imprisonment following an unlawful arrest, as, according to the Petitioner, he was arrested on June 11, 1984 based on a crime which he did not commit; (2) he was denied the right to effective assistance of counsel, as his attorney failed to inquire whether the petitioner was incarcerated at the time of the unlawful imprisonment and failed to request evidence favorable to the Petitioner; (3) the prosecution failed to disclose evidence obtained from the Orchard Park Police Department favorable to the Petitioner; and (4) his conviction was obtained by use of a coerced confession, as his attorney coerced the Petitioner to plead guilty by stating, prior to his plea, that, if the Petitioner did not plead guilty to all of the pending charges, Petitioner would not serve his sentence pursuant to conviction of the state charges concurrent with his federal incarceration, and, if the alleged exculpatory evidence had been available to the Petitioner at the time of his plea, he would not have pled guilty to unlawful imprisonment.

On March 27, 1997, the Hon. John T. Elfvin directed the Clerk of the Court to issue to the Petitioner a form entitled "Petitioner's Response as to Why the Petition is Not Time–Barred Under 28 U.S.C. § 2244(d)(1)." (Docket Item No. 2). Petitioner responded to this inquiry on April 7, 1997. (Docket Item No. 3). On April 25, 1997, the court issued an order deeming the petition timely, and directing the Respondent to file an Answer to the Petition (Docket Item No. 4). Respondent answered the petition on June 27, 1997 (Docket Item No. 6), accompanied by a memorandum of law (Docket Item No. 7) ("Respondent's Memorandum of Law") and exhibits in opposition to such petition. Petitioner filed an affidavit (Docket Item

---

**2.** Although the orders of the Appellate Division denying (1) the Petitioner's request for leave to appeal and (2) his request for reconsideration of the court's denial of this request are unpublished, photocopies of the orders are located in Exhibit A to the Petition.

No. 9) ("Charnock Affidavit"), and a memorandum of law (Docket Item No. 8) ("Petitioner's Memorandum of Law") in opposition to the Respondent's answer on July 7, 1997.[3]

## DISCUSSION

■ In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal district court makes an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution, or any laws and treaties of the United States. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), *reh'g denied,* 501 U.S. 1277, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991).

■ A state prisoner's federal habeas corpus petition may be dismissed if the petitioner has not exhausted available state remedies as to any of his federal claims, *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), although under federal law enacted on April 24, 1996, a federal court is permitted to deny a state prisoner's habeas corpus petition on the merits even though the prisoner has not exhausted available state remedies. Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 § 104 (April 24, 1996).

■ In reviewing habeas corpus petitions, federal courts do not function as appellate courts to review matters within the jurisdiction of the state, or to review rulings and decisions of state trial and appellate courts, rather, the court only determines whether the proceedings in the state court amount to a violation of federal constitutional rights. *Coleman, supra.* Federal review of a state court conviction is limited to errors of federal constitutional magnitude which denied a criminal defendant the right to a fundamentally fair trial. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct.

396, 38 L.Ed.2d 368 (1973). The state court's determination is presumed correct unless one of the seven specified conditions as provided by 28 U.S.C. § 2254(d) is found to exist, or unless the federal habeas court concludes that the relevant state court determination is not fairly supported by the record. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Absent these factors, the burden rests on the petitioner to establish, by clear and convincing evidence, that the factual determination is erroneous. *Sumner, supra.*

Petitioner alleges several grounds for relief, including that (1) he was convicted of unlawful imprisonment following an unlawful arrest, as, according to the Petitioner, he was arrested on June 11, 1984 for a crime he did not commit; (2) he was denied the right to effective assistance of counsel, as his assigned counsel failed to inquire into his claim of being incarcerated at the time of the charged unlawful imprisonment and failed to request evidence favorable to the Petitioner; (3) the prosecution failed to disclose favorable evidence from the Orchard Park Police Department; and (4) his conviction was obtained following a coerced confession, as his attorney coerced the Petitioner to plead guilty by stating, prior to his plea, that, if the Petitioner did not plead guilty to all of the pending charges, Petitioner would not serve his sentence pursuant to conviction of the state charges concurrent with his federal incarceration, and, if the alleged exculpatory evidence had been available to the Petitioner at the time of his plea, he would not have pleaded guilty to unlawful imprisonment.

The court has determined that the Petitioner's grounds for relief were raised in his (1) *pro se* Affidavit in Support of Motion to Vacate pursuant to N.Y.Crim.Proc. Law § 440.10 before the New York Supreme Court; (2) *pro se* Affidavit in Support of Motion for Permission to Appeal

---

**3.** Based on the disposition recommended in the instant matter, the court finds it unnecessary to recite the facts of the case.

pursuant to N.Y.Crim.Proc.Law §§ 450.15 and 450.16, filed with the Appellate Division, and the Affidavit filed by the Petitioner in Support of Reargument of such motion; and (3) Notice of Application to the Court of Appeals.[4] Exhibit A to Petition. As the state appellate courts were sufficiently alerted to the federal constitutional nature of the Petitioner's claims, *see Gonzalez v. Sullivan*, 934 F.2d 419 (2d Cir.1991), the Petitioner has therefore exhausted the available state remedies and the court shall address them. *Dorsey v. Irvin*, 56 F.3d 425, 426 (2d Cir.1995) (petitioner for habeas corpus sufficiently exhausted state remedies where petitioner raised them on direct appeal to New York's Appellate Division and applied for, and was denied, leave to appeal to New York's Court of Appeals). Even if the District Judge disagrees that the Petitioner has sufficiently exhausted state remedies, under the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), Pub.L. No. 104–132, a court may deny an application for a writ of habeas corpus on the merits, notwithstanding a petitioner's failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2); *Chapman v. Vanzandt*, 1997 WL 375668, *2 (S.D.N.Y.1997).

In the instant matter, Petitioner is not entitled to federal habeas relief on this ground as Petitioner was not incarcerated or otherwise in custody resulting from a plea of guilty to unlawful imprisonment. United States district courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). The Supreme Court has interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *Maleng, supra*, at 490–91, 109 S.Ct. 1923; *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

While the Supreme Court has liberally construed the "in custody" requirement, *Maleng, supra*, at 492, 109 S.Ct. 1923, determining, for example, that a prisoner need not be physically incarcerated at the time of his filing a petition for writ of habeas corpus, *see Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (prisoner who had been placed on parole was still "in custody" under his unexpired sentence and there-

---

4. Specifically, all four claims were raised in Petitioner's *pro se* Affidavit in Support of Motion to Vacate pursuant to N.Y.Crim.Proc.Law § 440.10. Although Petitioner did not refer to specific constitutional provisions or other federal authority in the Affidavit he did allege that a false arrest occurred, and that the Erie County District Attorney's Office "used fraud to obtain the arrest and conviction of the Defendant." Petitioner's Affidavit, ¶¶ 21, 26. In the Affidavit, Petitioner also alleged (1) his guilty plea was coerced; and (2) such coercion occurred as the result of his attorney stating that the forged instrument sentence would run concurrently with his federal sentence. *Id.*, ¶¶ 22, 26. Petitioner further refined these arguments on appeal from the denial of the 440.10 motion, arguing that he was denied effective assistance of counsel, and his plea was not knowing and voluntary. *Pro se* Affidavit in Support of Motion for Permission to Appeal, Exhibit A to Petition, at 6; Affidavit in Support of Reargument, Exhibit A to Petition, ¶ 5; Addendum to Affidavit in

Support of Reargument of such motion, Exhibit A to Petition, at 4. Petitioner also argued on appeal that the prosecutor improperly obtained his conviction by relying on false evidence obtained in violation of his federal rights. Notice of Application to Court of Appeals, Exhibit A to Petition, at 3. Given his *pro se* status, Petitioner's claims before the state court were based on factual and legal premises identical to those in his federal habeas petition, and the court finds that the state courts were sufficiently notified of the constitutional nature of Petitioner's claims. *Daye v. Attorney Gen. of the State of New York*, 696 F.2d 186, 191, 194 (2d Cir.1982). In any event, as the court recommends denial of the petition on the merits, the issue of whether Petitioner has exhausted state remedies is moot. *See* 28 U.S.C. § 2254(b)(2); *Chapman v. Vanzandt*, 1997 WL 375668, *2 (S.D.N.Y. 1997) (a federal habeas court may deny a petition on the merits, regardless of the petitioner's failure to exhaust state remedies).

fore entitled to habeas corpus relief), and the "in custody" requirement may be satisfied where the petitioner, although not incarcerated at the time of the court's review of his habeas corpus petition, was in physical custody under the challenged conviction at the time the petition was filed, *Carafas, supra,* at 238, 88 S.Ct. 1556, the "in custody" requirement has never been extended to cases in which a habeas petitioner was never sentenced to incarceration, and therefore suffered no restraint from a conviction.

A petitioner must be 'in custody' under a conviction or sentence at the time his petition is filed, and, in the instant matter, for the court to consider habeas relief, Petitioner must not only be in custody, such custody must be based on the governmental action he is attacking by way of the habeas petition. *Castronova v. United States Parole Comm.,* 1995 WL 604327, *4 (W.D.N.Y.1995) (*citing Maleng, supra,* at 490–91, 109 S.Ct. 1923); *Carter v. Nassau County Court,* 1992 WL 79318 *1 (E.D.N.Y.1992) ("a person satisfies this requirement when held "pursuant to the conviction" he attacks"). Here, although the Petitioner was incarcerated at the time he filed the instant petition pursuant to other convictions, he has made no showing that, at the time of filing the petition, he was indicted, sentenced, or incarcerated on the charge of unlawful imprisonment to which the petition refers. 28 U.S.C. § 2254(a).

Petitioner was arrested and held for indictment by a grand jury on the unlawful imprisonment charge. However, prior to such indictment, Petitioner elected to waive indictment and proceed by superior court information. Petitioner's Memorandum of Law at 1. Petitioner was thereafter sentenced to two to six years incarceration

for Criminal Possession of a Forged Instrument, in satisfaction of all pending charges. The charges of Unlawful Imprisonment, Grand Larceny, and Criminal Possession of Stolen Property, were therefore dismissed, and Petitioner was not sentenced to a term of incarceration based on these charges. *See* Exhibit B to Petition. Accordingly, at the time of filing, Petitioner was not "in custody" pursuant to 28 U.S.C. § 2254(a) for purposes of attacking the unlawful imprisonment charge. *See Carter, supra,* at *1 (dismissing habeas corpus petition where the petitioner, at time of filing, was on parole based on a conviction different from the convictions attacked in the petition, as the petitioner's current custody was not related to the challenged convictions, he was therefore not "in custody" under § 2254(a)).[5]

Nor was the conviction for which Petitioner was actually in custody, Criminal Possession of Forged Instrument, "positively and demonstrably related" to the unlawful imprisonment charge. *See Carter v. Procunier,* 755 F.2d 1126, 1129 (5th Cir.1985) (*cited in Carter, supra,* at *1) (petitioner meets the statutory "in custody" requirements when he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks); *Ristau v. Kirk,* 671 F.Supp. 955, 958 (E.D.N.Y.1987) (same). In the instant matter, the Petitioner was charged with but never convicted of unlawful imprisonment. Assuming, *arguendo,* that such a conviction occurred, Petitioner's conviction of Criminal Possession of a Forged Instrument is based on events which occurred on June 8, 1984 and June 20, 1984, bearing no chronological or factual relationship to the unlawful imprison-

---

**5.** Additionally, Petitioner has failed to demonstrate that a "judgment of the State court" was rendered. 28 U.S.C. § 2254(a). In New York, a judgment in a criminal case is comprised of a conviction and the entry of a sentence. N.Y.Crim.Proc.Law § 1.20(15) (McKinney 1998). Here, the unlawful imprisonment charge was dismissed in exchange for Petitioner's plea of guilty to Criminal Possession of a Forged Instrument. Accordingly, Petitioner was never sentenced in connection with the charge of unlawful imprisonment, and, pursuant to N.Y.Crim.Proc.Law § 1.20(15), no judgment was rendered as to the unlawful imprisonment charge.

ment which occurred from May 22, 1984 to May 24, 1984.

Further, courts applying the "positively and demonstrably related" test have evaluated the nexus between the conviction on which the petitioner was in custody at the time of filing the petition, and a previous conviction which resulted in incarceration. *See Procunier, supra*, at 1129 (petition, which previously attacked only 1974 conviction, later amended to attack 1969 conviction and sentence which petitioner had already completed at the time leave to amend petition was granted); *Carter, supra*, at *1 (petitioner's custody at the time of adjudication not related to previously served sentences for burglary, attempted grand larceny, and petit larceny); *Ristau, supra*, at 958 (petitioner not in custody for purpose of attacking 1944 misdemeanor conviction and sentence, as the petitioner had fully completed such sentence at the time of filing, and no relationship between 1962 murder conviction and sentence, which petitioner was serving at the time of filing, and 1944 misdemeanor conviction and sentence). Here, the Petitioner was not incarcerated on the unlawful imprisonment charge.[6]

Although Petitioner contends his guilty plea to the forged instrument charges was "coerced" by the unresolved unlawful imprisonment charge, such asserted nexus is simply too attenuated to satisfy the "in custody" test. Petitioner could by the same logic claim a basis to collaterally attack the grand larceny and possession of stolen property charges, which were also outstanding at the time of his guilty plea, but, significantly, has failed to do so. His selective attack on the unlawful imprisonment charge is therefore not positively and demonstrably related to the forged instrument conviction and sentence. In the absence of any demonstrated nexus between the unlawful imprisonment charge and the conviction for which he was sentenced and

incarcerated, the Petitioner has failed to demonstrate that, at the time of filing of the petition, he was "in custody" pursuant to 28 U.S.C. § 2254(a) for purposes of attacking the unlawful imprisonment charge. *Procunier, supra*, at 1129.

■ Although the Petitioner was not in custody for purposes of attacking the unlawful imprisonment charge, construing the petition liberally, *Haines*, 404 U.S. 519, 519–21, 92 S.Ct. 594, 30 L.Ed.2d 652, Petitioner also challenges his conviction and sentence for Criminal Possession of a Forged Instrument on federal habeas grounds. While it appears that, at the time of the filing on March 20, 1997, the Petitioner had already completed the two to six year sentence on this conviction, in the Affidavit filed in support of the motion to vacate pursuant to N.Y.Crim.Proc.Law § 440.10, Petitioner alleged that while serving this sentence he was convicted of other charges, and the parole time remaining on the forged instruments conviction will be aggregated, *i.e.*, accumulated as conserved time to be served consecutively to the intervening convictions which resulted in revocation of his parole. Petitioner's Affidavit, ¶ 23. The court therefore finds that, for purposes of challenging his conviction on the forged instrument charges, the Petitioner was "in custody" pursuant to 28 U.S.C. § 2254(a) at the time of the filing of the petition. *See Smalls v. Batista*, 22 F.Supp.2d 230, 234 (S.D.N.Y.1998) (where petitioner serving consecutive sentences for robbery committed drug offenses while on parole, petitioner was still "in custody" on the robbery conviction and therefore could seek federal habeas relief for such conviction, even if petitioner would have completed sentence on robbery conviction absent subsequent drug offenses).

Construing the petition as challenging Petitioner's conviction of Criminal Possession of a Forged Instrument, the Peti-

---

**6.** Nor has Petitioner asserted that his sentence pursuant to conviction of criminal possession of a forged instrument was enhanced or otherwise affected by the dismissed charges, and the record does not support such an inference.

tioner has asserted four bases for habeas relief: (1) the conviction was obtained following an unlawful arrest, as the Petitioner was incarcerated in the Lackawanna City Jail at the time of the charged unlawful imprisonment; (2) Petitioner was denied the right to effective assistance of counsel; (3) the conviction was obtained by the prosecution's failure to disclose favorable evidence; and (4) the conviction was preceded by a coerced confession. Petition at 5–6.

■ It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *see Salas v. United States*, 139 F.3d 322, 324 (2d Cir.) ("Because a guilty plea is considered an admission of all the elements of a crime, it is not ordinarily subject to collateral attack."), *cert. denied*, —— U.S. ——, 118 S.Ct. 2377, 141 L.Ed.2d 744 (1998). The Court will not overturn a guilty plea on due process grounds if it ‸was made as a intelligent and voluntary choice among the alternative courses of action available. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired." *Mabry, supra*, at 508–09, 104 S.Ct. 2543. A petitioner may attack a guilty plea by claiming, for example, ineffective assistance of counsel, *see, e.g., Siao–Pao v. Keane*, 878 F.Supp. 468, 469–70 (S.D.N.Y.1995), and that the prosecution failed to reveal material evidence, *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir.1988). *Ramirez v. Headley*, 1998 WL 788782, \*5 (S.D.N.Y.1998).

■ To the extent that Petitioner claims that his plea of guilty to the forged instrument charges occurred following an unlawful arrest and a coerced confession, by pleading guilty to such charges, the Petitioner waived these objections. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct.

1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ("a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus."); *Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir.1991) ("[g]enerally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the guilty plea."); *Lloyd v. Walker*, 771 F.Supp. 570, 576 (E.D.N.Y.1991) (rejecting claims of habeas petitioner alleging that police officers and prosecutor illegally transported him while in custody, verbally threatened him, coerced a statement from him in another state while depriving him of representation, and tampered with evidence as such claims were waived by his guilty plea); *Isaraphanich v. United States*, 632 F.Supp. 1531, 1534 (S.D.N.Y. 1986) (by pleading guilty, defendant waived his right to assert any antecedent constitutional violations, such as unconstitutional search and seizure, unlawful arrest, coerced confession, and violation of the privilege against self-incrimination, as grounds for vacating his conviction). Therefore, Petitioner's claims of unconstitutional arrest and a coerced confession are without merit.

■ Nor has Petitioner submitted evidence that his plea of guilty to the forged instrument charges was involuntary as the product of physical or mental coercion. A plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent." *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1607, 140 L.Ed.2d 828 (1998) (*citing Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct.

1463, 25 L.Ed.2d 747 (1970)). To determine the voluntariness of a plea, a federal habeas court should consider, *de novo*, all of the relevant circumstances as reflected in the state court proceedings, including the possibility of a heavier sentence following a guilty verdict after trial, the strength of the case against the defendant, and his chances for acquittal. *Brady, supra*, at 750, 90 S.Ct. 1463. A plea will not be considered voluntary if it.was produced by "actual or threatened physical harm or by mental coercion overbearing the will of the defendant." *Id.*

 Although Petitioner alleges that his assigned counsel coerced his guilty plea by stating that, if the petitioner did not plead guilty to all of the pending charges, his sentence for possession of a forged instrument would not run concurrently with his federal incarceration, *see* Petition at 7, such a statement, by itself, does not support a finding of physical or mental coercion.

Conditioning the Petitioner's guilty plea was within the prosecutor's discretion, and such conduct did not render the plea involuntary or coerced. The Supreme Court has held that a prosecutor "should remain free before trial to exercise the broad. discretion entrusted to him to determine the extent of the societal interest in prosecution." *United States v. Goodwin*, 457 U.S. 368, 382, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). The Court has stated, "while confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'— and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (finding no prosecutorial misconduct where, during plea negotiations, prosecutor threatened to

seek further indictment under recidivist statute if defendant decided not to plead guilty and quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 31, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973)). In the give and take of plea bargaining, there is no element of coercion or misconduct so long as the accused is free to accept or reject the plea offer. *Bordenkircher, supra*, at 363, 98 S.Ct. 663. Here, Petitioner was free to accept or reject the prosecutor's offer and proceed to trial on all of the pending charges.

Moreover, pursuant to N.Y.Penal Law § 70.25(1), the sentencing court may in its discretion require that a defendant serve multiple sentences consecutively when such sentences are imposed at the same time, or when a person who is subject to a previously imposed sentence of incarceration is sentenced to an additional term of incarceration. N.Y.Penal Law § 70.25(1) (McKinney 1998). That Petitioner faced the possibility of a longer prison term had he not agreed to the prosecutor's offer negates any inference that he was coerced into accepting the plea agreement. There is no basis to find that Anderson's statement repeating the prosecutor's offer to the Petitioner could conceivably result in substantial impairment of his ability to exercise independent judgment, or that his decision to plead guilty was the result of a "will overborne." *Brady, supra*, at 750, 90 S.Ct. 1463.[7]

 Assuming *arguendo* that, at the time of his plea, Petitioner believed he was innocent of unlawful imprisonment, and argued such innocence before the court, Petitioner's asserted innocence, by itself, does not render the guilty plea involuntary. *See Alford v. United States*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (an accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the

7. Petitioner has not argued, and the court is unable to infer based on the filings of the

parties, any other coercive circumstances.

crime, or even if his guilty plea contains a protestation of innocence, when he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt). Whether he recognized or disbelieved his guilt, Petitioner, at the advice of his attorney, decided to forgo trial and plead guilty to the forged instrument charges, thereby avoiding a potentially longer prison sentence. The mere fact that Petitioner decided to plead guilty to limit his possible penalty does not make the plea involuntary. *Phan v. McCoy,* 1997 WL 570690, *5 (N.D.N.Y.1997); *see also Marino v. United States,* 1997 WL 714879, *3 (S.D.N.Y.1997).

█ In the instant matter, Petitioner also claims that his state conviction should be overturned, as the prosecutor failed to disclose evidence that the Petitioner was incarcerated in the Lackawanna City Jail at the time of the alleged unlawful imprisonment, and was therefore innocent of this charge. Petition at 8. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires the prosecution provide the defense with any evidence favorable to the accused where the evidence is material to guilt or punishment. In the instant matter, however, Petitioner has failed to demonstrate that the alleged exculpatory evidence, the materials obtained from the Orchard Park Police Department on June 1, 1995 relating to the unlawful imprisonment charges, Exhibit D to Petition, was favorable to his defense.

According to the police report filed by the Orchard Park police officers, Norris was abducted on May 22, 1984 and imprisoned until May 24, 1984. Exhibit D to Petition. Felony complaints regarding the larceny and stolen property charges were filed on May 23, 1984, and the Petitioner was arrested based on these charges that same day. Exhibit B to Petition. Although the Petitioner claims that this evidence demonstrates he was incarcerated in the Lackawanna City Jail at the time of the alleged incident and therefore could not have committed unlawful imprison-

ment, Norris alleged in the felony complaint that she had been imprisoned for three days beginning on May 22, 1984, and the Petitioner was arrested in connection with the larceny and stolen property charges on the day after Norris' abduction. That petitioner was incarcerated on May 23 is not inconsistent with Norris' abduction on May 22. A determination that, based on this evidence, the Petitioner was innocent of unlawful imprisonment is illogical and therefore unwarranted.

Assuming *arguendo* that such evidence demonstrates Petitioner's innocence as to the unlawful imprisonment charge, Petitioner has failed to demonstrate that such evidence was material to his guilt or innocence of Possession of a Forged Instrument. *Brady, supra,* at 87, 83 S.Ct. 1194. In the context of an attack on the validity of a plea, evidence is considered material where "there is a reasonable probability that but for the failure to produce such information the defendant would not have entered the plea but instead would have insisted on going to trial." *United States v. Avellino,* 136 F.3d 249, 256 (2d Cir.) (quoting *Tate v. Wood,* 963 F.2d 20, 24 (2d Cir.1992)) *reh'g denied* 136 F.3d 249, 262 (2d Cir.1998). It is a leap of logic to infer that, had the Petitioner known of such evidence prior to his plea, he would have declined the prosecutor's offer to dismiss the grand larceny, possession of stolen property, and unlawful imprisonment charges in exchange for his plea of guilty to the forged instrument charges, thereby choosing to proceed to trial on all of the pending charges, and possibly face a longer prison sentence. *See* Discussion, *supra,* at 101.

█ Petitioner's contention that his attorney's conduct resulted in a deprivation of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments is also without merit. Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or failure to become informed of facts that would have shown the existence of a constitution-

al claim, may, in particular circumstances, constitute ineffective assistance of counsel. *Tollett, supra,* at 267, 93 S.Ct. 1602.

█ In the instant matter, Petitioner claims that Anderson failed to inquire into the Petitioner's claim that he was incarcerated at the time of the unlawful imprisonment, and failed to discover the allegedly exculpatory police reports. Petition at 5. Initially, as discussed, Petitioner cannot show that the police reports were favorable to his defense, or material to a determination of guilt or innocence. *Brady, supra,* at 87, 83 S.Ct. 1194. Moreover, the Petitioner has submitted no evidence that Anderson provided incorrect legal advice or otherwise misrepresented to the Petitioner the consequences of his guilty plea.[8] *See Mabry, supra,* at 509, 104 S.Ct. 2543 (plea of guilty made by one fully aware of the direct consequences must stand unless induced by threats, misrepresentation, or promises that are by their nature improper as having no proper relationship to the prosecutor's business); *Herring v. Artuz,* 28 F.Supp.2d 852, 855 (S.D.N.Y.1998) (finding no evidence to support the petitioner's claim that his attorney misrepresented relevant facts to the petitioner prior to his plea of guilty to murder where, after conferring with counsel, petitioner conceded during plea allocution that he intended to kill someone); *compare United States v. Gordon,* 156 F.3d 376, 380 (2d Cir.1998) (where attorney "grossly misrepresented" defendant's sentencing exposure in letter sent to client during plea negotiation, and defendant decided not to accept plea offer based on such misrepresentation, defendant was denied effective assistance of counsel).

Thus, the court finds that Petitioner's claims do not present an issue on which federal habeas relief may be granted, and the petition should be DISMISSED as to these grounds.

### 2. *Evidentiary Hearing Requirement*

█ There is no need for an evidentiary hearing to attempt to reconstruct the facts as to the unlawful imprisonment charge. It is within the court's discretion to deny a petition when the supporting papers are facially insufficient to support a hearing. *Dalli v. United States,* 491 F.2d 758, 760 (2d Cir.1974). To warrant a hearing, a habeas petitioner must set forth specific facts supported by competent evidence, which, if proved at a hearing, would entitle to him to relief. *See Machibroda v. United States,* 368 U.S. 487, 494–95, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *United States v. Aiello,* 814 F.2d 109, 113 (2d Cir.1987); *Ramirez v. Headley,* 1998 WL 788782, *10 (S.D.N.Y.1998). In the instant matter, as the petition is based on a charge for which the Petitioner was never "in custody" pursuant to 28 U.S.C. § 2254(a), and is facially insufficient, an evidentiary hearing addressing issues arising from the unlawful imprisonment charge is unwarranted. Nothing in the record suggests the presence of unresolved material issues of fact whether, while in the custody of state officials pursuant to the judgment of a state court, the Petitioner suffered some violation of his federal constitutional rights based on the unlawful imprisonment charge. To remove any lingering effects flowing even at this late date from the 1984 false imprisonment charge, petitioner should be left to state law remedies, if available. Moreover, as to the possession of a forged instrument conviction, the Petitioner has failed to assert facts giving rise to material issues whether, in pleading guilty to the Information, he was deprived of any federal constitutional rights. As the Petitioner has failed to make the requisite showing, no hearing is required.

### 3. *Petitioner's Motion Pursuant to Fed. R.App.Proc. 23*

Petitioner filed, on October 16, 1997 (Docket Item No. 10), a motion for relief

---

**8.** As the Petitioner's ineffective assistance of counsel and coerced confession claims are facially insufficient, there is no issue upon which the transcript of the plea hearing would be determinative.

pursuant to Fed.R.App.Proc. 23(a). Pursuant to this rule,

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Fed.R.App.Proc. 23(a). In the instant matter, the petition is not before the court on appeal from a prior decision in a habeas proceeding, and Fed.R.App.Proc. 23(a) is therefore inapplicable.

### CONCLUSION

Based on the foregoing, the petition should be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Petitioner and the Respondent.

SO ORDERED.

May 24, 1999.